IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

JAMES DONALD JACKSON,

    Plaintiff,

v.

CO R. NELSON, et al.,

    Defendants.

Case No. 2:18-cv-01007-MO

ORDER TO DISMISS

MOSMAN, District Judge.

Plaintiff, an inmate at the Two Rivers Correctional Institution, brings this civil rights action pursuant to 42 U.S.C. § 1983. In a separate Order, the Court granted Plaintiff leave to proceed in forma pauperis. However, for the reasons set forth below, Plaintiff's Complaint is dismissed for failure to state a claim upon which relief may be granted. See 28 U.S.C. § 1915(e)(2).

///

1 - ORDER TO DISMISS

## BACKGROUND

Plaintiff alleges that Defendants violated his right to due process insofar as they: (1) refused to allow him to have his preferred inmate as a cell mate; (2) wrote up a false misconduct report for Disrespect II when he approached prison staff about the issue, leading to his placement in the Disciplinary Segregation Unit ("DSU"); and (3) deprived him of a fair disciplinary hearing when they covered up a false misconduct report Defendants generated so as to prevent him from becoming cell mates with his requested inmate.

Plaintiff also asserts that Defendants infringed upon his right to access the courts, that there are racial overtones to Defendants' decisions, and that Defendants improperly housed Plaintiff with inmates who were prepared to fight him in an attempt to set up "gladiator cage matches." He seeks $445,000 in damages as a result of these alleged actions.

## STANDARDS

Pursuant to 28 U.S.C. § 1915A(a), the Court is required to screen prisoner complaints seeking relief against a governmental entity, officer, or employee and must dismiss a complaint if the action is frivolous, malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915(e)(2)(B) and

2 - ORDER TO DISMISS

1915A(b). In order to state a claim, Plaintiff's Complaint must contain sufficient factual matter which, when accepted as true, gives rise to a plausible inference that defendants violated plaintiff's constitutional rights. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 556-57 (2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 129 S.Ct. at 1949.

Dismissal for failure to state a claim is proper if it appears beyond doubt that Plaintiff can prove no set of facts in support of his claims that would entitle him to relief. *Ortez v. Washington County*, 88 F.3d 804, 806 (9th Cir. 1996); *Cervantes v. City of San Diego*, 5 F.3d 1273, 1274 (9th Cir. 1993). Because Plaintiff is proceeding *pro se*, the Court construes his pleadings liberally and affords him the benefit of any doubt. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Ortez*, 88 F.3d at 806.

## **DISCUSSION**

Pursuant to Fed. R. Civ. P. 8(a), a complaint shall include "a short and plain statement of the claim showing that the pleader is entitled to relief." "Each averment of a pleading shall be simple, concise and direct." Fed. R. Civ. P. 8(e). If

the factual elements of a cause of action are scattered throughout the complaint but are not organized into a "short and plain statement of the claim," dismissal for failure to satisfy Rule 8(a) is proper. *Sparling v. Hoffman Constr. Co.*, 864 F.2d 635, 640 (9th Cir. 1988); *see also Nevijel v. North Coast Life Ins. Co.*, 651 F.2d 671, 674 (9th Cir. 1981) (district court may dismiss an action with prejudice due to a litigant's failure to comply with Rule 8(a) if meaningful, less drastic sanctions have been explored). The propriety of dismissal for failure to comply with Rule 8 does not depend on whether the complaint is wholly without merit--the requirement of a pleading to be "simple, concise, and direct," applies to good claims as well as bad, and is a basis for dismissal independent of Rule 12(b)(6). *McHenry v. Renne*, 84 F.3d 1172, 1179 (9th Cir. 1996).

In this case, Plaintiff's allegations are scattered throughout his Complaint, and it is difficult to ascertain the true nature of his several challenges, especially where similar, conclusory allegations spill over from one claim to the next. In addition, although Plaintiff makes allegations that there are "racial overtones" to the Defendants decisions, he provides no specifics on this point and alternately appears to assert that prison officials are attempting to protect other inmates from

Plaintiff based upon his purported history of sexually assaulting several prior cellmates. A pleading that complies with FRCP 8(a) would help to clarify these issues.

With respect to Plaintiff's due process claims, under *Sandin v. Conner*, 515 U.S. 472, 484 (1995) provides that state law creates liberty interests for prisoners only when physical restraints impose "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." In *Sandin*, an inmate was not allowed to present witnesses at a disciplinary hearing and was ultimately found guilty of the charged infractions. The hearings officer sentenced the inmate to 30 days in disciplinary segregation. The inmate brought suit claiming that he had a protected liberty interest in calling witnesses at his disciplinary hearing.

The Supreme Court determined that the Due Process Clause only protects a prisoner's liberty interest where he is subject to a restraint which "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Id* at 484. "Discipline by prison officials in response to a wide range of misconduct falls within the expected perimeters of the sentence imposed by a court of law." *Id* at 485. In so holding, the Court wished to avoid "the involvement of federal

courts in the day-to-day management of prisons" which "often squander[s] judicial resources with little offsetting benefit to anyone." *Id* at 482.

As in *Sandin*, Plaintiff asks this court to find a due process violation in his placement in disciplinary segregation which resulted from the alleged deprivation of a proper disciplinary hearing. Plaintiff fails to allege any facts in support of his due process claims that describe the type of atypical, significant deprivation which creates a protected liberty interest. Similarly, the failure to give Plaintiff his preferred housing assignment does not offend the Due Process Clause. *Allen v. Purkett*, 5 F.3d 1151, 1153 (8th Cir. 1993) (per curiam).

Plaintiff also makes reference to an access to courts claim. However, it is unclear from his Complaint what documents he was unable to file with the Court, the circumstances under which he was deprived of that ability, and what prejudice he suffered. *See Lewis v. Casey*, 518 U.S. 343, 351, 354-55 (1996).

Finally, although Plaintiff alleges that Defendants have intentionally housed him with specific inmates with the intention instigating physical altercations, that claim is currently at issue in *Jackson v. CO Yeager, et al.*, 2:18-cv-

00816-MO, and Plaintiff has no right to bring the same claim in multiple actions. *See, e.g., Adams v. California Dept. of Health Services*, 487 F.3d 684, 688 (9th Cir. 2007). For all of these reasons, Plaintiff's Complaint is dismissed for failure to state a claim upon which relief can be granted.

## CONCLUSION

Based on the foregoing, IT IS ORDERED that Plaintiff's Complaint (#2) is DISMISSED for failure to state a claim. Should Plaintiff wish to proceed with this action, he must file an amended complaint curing the deficiencies noted above within 30 days of the date of this Order. Any such amended complaint cannot incorporate any other document by reference, must contain a short, plain statement of Plaintiff's claims, and must describe how each named Defendant personally participated in a federal deprivation. Plaintiff's failure to file an amended complaint consistent with this Order shall result in the dismissal of this proceeding, with prejudice.

IT IS SO ORDERED.

DATED this 30th day of July, 2018.

Michael W. Mosman
United States District Judge