IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PENDLETON DIVISION

JAMES DONALD JACKSON

    Plaintiff,

v.

CO. R. NELSON et al.,

    Defendants.

No. 2:18-cv-01007-MO

OPINION AND ORDER

**MOSMAN, J.**,

Plaintiff James Donald Jackson, Jr., an African American inmate at Two Rivers Correctional Institution ("TRCI"), brings this case pursuant to 42 U.S.C. § 1983 against various individual employees at TRCI. He alleges that Correctional Officer Richard Nelson, Correctional Lieutenant Richard Young, Correctional Captain Steven Boston, and Correctional Corporal Anton Wanous violated his due process rights by denying his request to share a cell with a Caucasian inmate. He alleges that his request was denied because of Defendants' desire to keep different races segregated. Defendants filed a Motion for Summary Judgment [ECF 55]. At oral argument on February 11, 2021, I granted Defendants' motion as to Defendant Corporal Wanous and took under advisement their motion as to the remaining Defendants. Now, for the reasons discussed below, I GRANT Defendants' motion as to the remaining Defendants and DISMISS the case with prejudice.

1 – OPINION AND ORDER

**BACKGROUND**

Pursuant to Oregon Department of Corrections ("ODOC") policies, an inmate may request to be housed with a specific cellmate by filling out a Courtesy Move Request Form. Cameron Bauer Decl. [ECF 56] ¶¶ 5–6. The request is reviewed by housing unit officers and a shift sergeant, and may be denied for a variety of reasons, including if both inmates have conflicting Prison Rape Elimination Act ("PREA") designators. *Id.* A PREA designation is based on an initial PREA screening conducted upon an inmate's transfer to an institution. *Id.* ¶¶ 9–10. An inmate with a PREA designator of "Aggressive" or "Potentially Aggressive" will not be housed with an inmate with any other designator. *Id.* ¶ 8. Mr. Jackson was given a PREA designator of "Aggressive" on May 19, 2014, and then was re-designated as "Potentially Aggressive" on January 10, 2019. *Id.* ¶ 14. His designations are due to a documented history of sexually aggressive behavior and solicitation of sex from other inmates. *Id.* ¶¶ 15–18. An inmate may also be given "single-cell status" based on a variety of factors. *Id.* ¶ 21. Mr. Jackson has been assigned single-cell status since at least September 23, 2015, due to his "PREA designator and sexually aggressive history." *Id.* ¶¶ 13, 19.

On May 5, 2016, Mr. Jackson and Laramie DeBoard, a Caucasian inmate at TRCI, submitted requests to Corporal Wanous to become cellmates. Pl.'s Am. Compl. [ECF 17] at 5.[1] At the time of the request, Mr. Jackson was purportedly housed "next door to an inmate who was clearly hostile toward [him]." *Id.* Mr. Jackson and Mr. DeBoard also gave Corporal Nelson the required paperwork. *Id.* Corporal Nelson stated he would contact Lieutenant Young about the request. *Id.* Mr. Jackson was then placed in disciplinary segregation for 10 days because of, apparently, "piss[ing] off [Lieutenant] Young." *Id.* Mr. Jackson then submitted a third request to

---

[1] For clarity, when citing to Mr. Jackson's Amended Complaint [ECF 17], I use the ECF page numbers.

share a cell with Mr. DeBoard after which Corporal Nelson stated over Mr. Jackson's in-cell intercom, "Before [we] allow you to cell up with that 'white boy' we will bury you in a hole." *Id.* Mr. Jackson was then placed in disciplinary segregation for a second time because Mr. Jackson apparently said he was going to stab Corporal Nelson with a pencil. *Id.* at 6. Defendants declare that Mr. Jackson's cellmate requests were denied because of his single-cell status. Bauer Decl. [ECF 56] ¶ 19.

Mr. Jackson filed this pro se case pursuant to 42 U.S.C. § 1983 alleging the above events constitute a violation of his due process rights under the Fourteenth Amendment. Mr. Jackson asserts that these interactions prove that Corporal Nelson was racially discriminating against himself and Mr. DeBoard by preventing them from sharing a cell and that this infringes on his constitutionally protected liberty interest. Pl.'s Am. Compl. [ECF 17] at 6. Relatedly, Mr. Jackson argues that Defendants are in contempt of this court's prior order prohibiting racial segregation of inmates. *Id.* at 7. He seeks punitive and actual damages. Defendants move for summary judgment.

## LEGAL STANDARD

Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The initial burden for a motion for summary judgment is on the moving party to identify the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once that burden is satisfied, the burden shifts to the non-moving party to demonstrate, through the production of evidence listed in Federal Rule of Civil Procedure 56(c)(1), that there remains a "genuine issue for trial." *Id.* at 324. The non-moving party may not rely upon the pleading allegations, *Brinson v. Linda Rose Joint Venture*, 53 F.3d 1044, 1049 (9th Cir. 1995), or

"unsupported conjecture or conclusory statements," *Hernandez v. Spacelabs Med. Inc.*, 343 F.3d 1107, 1112 (9th Cir. 2003). "[T]he court's ultimate inquiry is to determine whether the 'specific facts' set forth by the nonmoving party, coupled with undisputed background or contextual facts, are such that a rational or reasonable jury might return a verdict in its favor based on that evidence." *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 631 (9th Cir. 1987) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986)). All reasonable doubts and inferences to be drawn from the facts are to be viewed in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

## DISCUSSION

A section 1983 claim has two elements: (1) a violation of a federal constitutional or statutory right that was (2) committed under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Anderson v. Warner*, 451 F.3d 1063, 1067 (9th Cir. 2006). Mr. Jackson alleges Defendants violated his due process right under the 14th Amendment by denying him the cellmate of his choosing. He alleges this was the result of racial discrimination.

### I. Protected Liberty Interest

Neither party cites any precedent to support that an inmate has a constitutionally protected liberty interest in a cellmate of his or her choosing. In fact, Defendants cite several district court cases that affirmatively state that an inmate does not have a liberty interest in selecting his or her cellmate. *Wright v. Grannis*, Civil No. 09cv2566-JLS (BLM), 2010 WL 6086269, at *10 (S.D. Cal. Nov. 9, 2010); Defs.' Mot. Summ. J. [ECF 55] at 7. Mr. Jackson's single-cell status is also not a violation of any protected liberty interest. *See, e.g. Wilkinson v. Austin*, 545 U.S. 209, 221 (2005) (The "Constitution itself does not give rise to a liberty interest

in avoiding transfer to more adverse conditions of confinement."). Mr. Jackson has no section 1983 claim based on either of these asserted liberty interests and I GRANT summary judgment for Defendants' on this claim.

## II. Racial Discrimination

Mr. Jackson also alleges that the denials of his cellmate requests were racially motivated. It is undisputed that Mr. Jackson had a PREA designation of "Aggressive" from 2014 to 2019 and a PREA designation of "Potentially Aggressive" from 2019 to present. It is also undisputed that he has been assigned single-cell status since at least September 23, 2015. Defendants assert they denied Mr. Jackson's cellmate request due to his single-cell status, which is based on his PREA designation and sexually aggressive history. Viewing the evidence in the light most favorable to Mr. Jackson, I find that Defendants had a legitimate, race-neutral reason for denying Mr. Jackson's request. However, Mr. Jackson also alleges that his original PREA designation and the concomitant single-cell status are based on racial discrimination.

At oral argument Mr. Jackson argued that his single-cell status is the result of racial discrimination because, as an African American inmate, he was the victim of false allegations of sexual assaults that led to his PREA designation and, in turn, his single-cell status. He alleged that he was treated differently than similarly situated Caucasian inmates engaging in sexual activity. Mr. Jackson stated that in some instances of mutual sexual activity between him and a Caucasian inmate, because he is African American, he would be labeled as an aggressor and the Caucasian inmate a victim. In other instances, he argues that the allegations of sexual assault giving rise to his PREA designation were false. *See* Pl.'s Suppl. Reply [ECF 83] at 3. In fact, it is undisputed that of the six allegations of sexual misconduct against Mr. Jackson, four were found

to be either unsubstantiated or unfounded. Steven Boston Decl. [ECF 78] ¶ 21. The other two allegations were substantiated. *Id.*

While Mr. Jackson's assertions, if true, are certainly troubling, any claim regarding Mr. Jackson's single-cell status is procedurally barred. *See* Defs.' Suppl. Reply [ECF 77] at 5–9. Mr. Jackson's single-cell status stems from his PREA designation. Bauer Decl. [ECF 56] ¶ 19. His PREA designation stems from "his history of sexually aggressive behavior and soliciting sex from other [inmates]." *Id.* ¶ 15. Although Captain Boston was responsible for Mr. Jackson's PREA designation and single-cell assignment, none of the named Defendants appear to have any personal involvement in the sexual assault allegations and/or findings underlying those determinations. *See* Boston Decl. [ECF 78] ¶¶ 15, 20, 22–23; Defs.' Suppl. Reply [ECF 77] at 7–8. All six allegations were from events taking place at Snake River Correctional Institution and Eastern Oregon Correctional Institution, not TRCI. *See* Boston Decl. [ECF 78] ¶ 22. More fundamentally, this claim is time-barred. Even if Mr. Jackson had adequately plead this claim and named the correct defendants, the statute of limitations has expired.

"The applicable statute of limitations for actions brought pursuant to 42 U.S.C. § 1983 is the forum state's statute of limitations for personal injury actions." *Carpinteria Valley Farms, Ltd. v. Cty. of Santa Barbara*, 344 F.3d 822, 828 (9th Cir. 2003). The statute of limitations for personal-injury actions in Oregon is two years. Or. Rev. Stat. § 12.110(1). Mr. Jackson filed this lawsuit on June 1, 2018. He was assigned his single-cell status on September 23, 2015, at the latest. Boston Decl. [ECF 78] ¶ 20. The various allegations of sexual assault against Mr. Jackson occurred even earlier in time.[2] *See id.* ¶ 21 (summarizing the sexual assault allegations against

---

[2] Although Mr. Jackson's PREA designation was reevaluated in 2019, resulting in a new designation of "Potentially Aggressive," his assignment of single-cell status has not been changed since 2015. Both statuses are based off the allegations of sexual assault that are time barred from section 1983 challenges.

Mr. Jackson). Accordingly, this claim is time barred and I GRANT summary judgment on that basis.

## III. Violation of Prior Court Order

Finally, Mr. Jackson argues that Defendants are in contempt of this Court's prior order prohibiting racial segregation of inmates. Pl.'s Am. Compl. [ECF 17] at 7. Neither I nor the Defendants have successfully located any such order. I GRANT summary judgment on this claim.

## CONCLUSION

For the reasons stated above, I GRANT Defendants' Motion for Summary Judgment [ECF 55] as to the remaining Defendants. While a court should ordinarily allow a pro se plaintiff leave to amend his or her complaint "unless the pleading could not possibly be cured by the allegation of other facts," *Ramirez v. Galaza*, 334 F.3d 850, 861 (9th Cir. 2003) (quotation marks and citations omitted), I find that Mr. Jackson has already provided every relevant document he has to the Court and outlined everything he knows in his complaint, other filings, and at oral argument. Based on my review of all the submitted materials, it is implausible that Mr. Jackson could restate his claim in a meaningful way. Accordingly, I DISMISS this case with prejudice.

IT IS SO ORDERED.

DATED this __2__ day of July, 2021.

*Michael W. Mosman*
MICHAEL W. MOSMAN
United States District Judge